# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE ROBERTS, | |
| Plaintiff, | Case No. 2:11-cv-01917-JCM-GWF |
| vs. | **ORDER** |
| SMITH'S FOOD & DRUG CENTERS, INC., | **Countermotion to Strike Plaintiff's Association of Counsel - #49** |
| Defendant. | |

This matter comes before the Court on Defendant's Countermotion to Strike Plaintiff's Association of Counsel (#49), filed on December 13, 2013. Plaintiff filed a Response (#51) on December 19, 2013. Plaintiff filed a Reply (#52) on December 27, 2013.

This action arises out of an alleged personal injury that occurred at a Smith's Food & Drug store owned by Defendant. On February 21, 2013, this Court scheduled this case for a settlement conference. *See Order, Doc. #26*. The Court ordered that "[a]ll counsel of record who will be participating in the trial [...] must be present[.]" *Id.* at 1:20-21. An unsuccessful settlement conference was conducted on April 3, 2013, at which Farhan Naqvi, Esq., Plaintiff's only counsel of record at the time, was in attendance. *See April 3, 2013 Minute Order, Doc. #30*. On September 18, 2013, Robert Eglet, Esq. filed a Notice of Association of Counsel (#38), indicating he would be assisting at trial in this matter.

Plaintiff now seeks to strike Mr. Eglet's Notice of Association of Counsel. Defendant argues Plaintiff violated the Court's February 21, 2013 Order Setting Scheduling Conference because Mr. Eglet, who will be participating at trial, was not present at the settlement conference. Defendant cites to numerous authorities that support the correct position that this Court has the

discretion to sanction Plaintiff for violations of pretrial orders.  Defendant does not show, however, that Plaintiff has violated any of the Court's orders.  Although it is true Mr. Eglet did not attend the settlement conference and will be participating at trial, Defendant's argument that Mr. Eglet's association violates the Court's Order (#26) is semantics.  Mr. Eglet associated as co-counsel for Plaintiff after the settlement conference ocurred.  Defendant's assertion that Plaintiff must "convince this court that in April 2013 she *believed* that attorney Naqvi was going to try her case" is not supported by any authority.  Were Defendant's contention adopted, no counsel could ever associate on a case after a settlement conference was conducted.  The Court finds that Defendant has not demonstrated that Plaintiff has violated any of this Court's orders, and declines to impose any sanctions on Plaintiff.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Countermotion to Strike Plaintiff's Association of Counsel (#49) is **denied**.

DATED this 8th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge