# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHANIE ROBERTS,

        Plaintiff(s),

v.

SMITH'S FOOD & DRUG CENTERS, INC., et al.,

        Defendant(s).

2:11-CV-1917 JCM (GWF)

## ORDER

Presently before the court are five motions *in limine* filed by defendant Smith's Food & Drug Centers, Inc. (Doc. # 59). Plaintiff Stephanie Roberts filed a response in opposition, (doc. # 62), and defendant filed a reply, (doc. # 65).

In resolving the instant motions, the court will only address the facts which are pertinent to the disposition of defendant's requests for evidentiary exclusions.

**I.  Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of

**James C. Mahan**
**U.S. District Judge**

discretion").

"[*I*]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

## II. Analysis

The court will first address defendant's third motion *in limine*, and will discuss the others in the order they appear in defendant's filing.

**Motion *in Limine* No. 3 - Opinion of Dr. Jaswinder Grover**

Defendant requests that the court exclude the testimony of plaintiff's expert, Dr. Jaswinder Grover, asserting that his opinions fail to meet the standard set out in Federal Rule of Evidence 702. This rule provides,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Defendant argues that Dr. Grover's testimony fails to meet the rule 702 standard because he came to the conclusion that the subject incident exacerbated plaintiff's lower back based only on plaintiff's subjective account of her symptoms. However, defendant's claim is belied by several letters written by Dr. Grover stating that his opinion is based not only on plaintiff's subjective description of her injuries, but also a review of plaintiff's medical records, including several MRI scans. (Doc.

1  # 62-2). After reading Dr. Grover's reports and letters, it is clear to the court that his opinions will
2  help the jury understand the evidence, are based on sufficient data, and are the product of reliable
3  principles which have been applied to the facts of this case.

4      Defendant also asserts that Dr. Grover's testimony should be excluded because he has not
5  provided any testimony as to the proportion of her lower-back injuries that are directly attributable
6  to the subject incident. In support of this proposition, defendant cites *Kleitz v. Raskin*, 738 P.2d 508,
7  509 (Nev. 1987). However, in that case the Nevada Supreme Court held that the burden of providing
8  evidence apportioning the degree of plaintiff's injuries between two incidents fell upon the *defendant*.
9  *Id*. Indeed, the court went on to state that if the defendant in that case did not provide evidence
10 apportioning the damages, it could be held jointly and severally liable for the entirety of the plaintiff's
11 injuries.

12     Therefore, there is no requirement under Nevada law that a medical expert testify as to the
13 precise percentage of a plaintiff's injuries attributable to a defendant's conduct. Because Dr. Grover
14 has testified that the incident at issue exacerbated plaintiff's previous injuries, his opinions meet the
15 requisite standards to establish causation.

16     Accordingly, defendant's third motion *in limine* will be DENIED.

17     **Motions *in Limine* 1 & 2 - Cost of Plaintiff's Lumbar Surgery and Treatment**

18     Defendant requests that the court exclude all evidence relating to the cost of plaintiff's lumbar
19 surgery which took place on June 24, 2013, and the other lower-back treatment she received.
20 Defendant argues that plaintiff has failed to demonstrate that the subject incident caused plaintiff's
21 injuries, as plaintiff's treating physician, Dr. Moris Senegor, stated during his deposition that
22 plaintiff's lower-back injuries "predated the accident," and made numerous other statements that
23 undermine plaintiff's theory of causation. (Doc. # 59-7).

24     Though Dr. Senegor's deposition testimony may undermine plaintiff's theory of the case, Dr.
25 Grover's testimony supports plaintiff's assertion that the fall exacerbated her lower-back injuries.
26 (Doc. # 62-2). Thus, defendant's contentions apply to the strength of plaintiff's causation argument
27 rather than the admissibility of any evidence in this case. Because plaintiff has provided admissible
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  evidence, through the opinions of Dr. Grover, showing that her lower-back injuries were worsened
2  by the subject incident, the cost of her treatment is certainly relevant to her claims and will not be
3  excluded at this time.

4  Accordingly, defendant's first and second motions *in limine* will be DENIED.

5  **Motion *in Limine* 4 - Encouragement of Running**

6  Defendant requests that the court exclude testimony by former Smith's employee Santiago
7  Ibarra indicating that management consistently allowed employees to run in the store. Defendant
8  argues that this testimony is not admissible because Ibarra conveyed only that this was a regular
9  practice without providing an account of a specific instance in which management permitted an
10 employee to run in the store.

11 However, evidence that employees were permitted to run in the store is exceedingly relevant
12 to this case, as plaintiff's claims in this matter revolve around the allegation that a Smith's employee
13 collided into her while running. Additionally, the court finds that the disputed evidence indicates that
14 defendant had a routine practice of allowing employees to run in the store.

15 Evidence of "an organization's routine practice may be admitted to prove that on a particular
16 occasion the . . . organization acted in accordance with the . . . routine practice." Fed. R. Evid. 406.
17 Rule 406 specifically provides that this evidence may be admitted "regardless of whether it is
18 corroborated or whether there was an eyewitness." *Id.* Therefore, even though Ibarra has not testified
19 to a specific incident when he witnessed Smith's management permitting an employee to run in the
20 store, the court finds that this evidence is both relevant and admissible.

21 Thus, defendant's fourth motion *in limine* will be DENIED.

22 **Motion *in Limine* 5 - Falsification of Floor Inspection Records**

23 Defendant argues that the testimony of Claudia Bonner, a former customer service manager
24 at Smith's, indicating that employees may have falsified store inspection records should be excluded.
25 Defendant asserts that whether or not its employees falsely stated that they had inspected the store for
26 spills, debris, or other hazards has little probative value in resolving plaintiff's claims.

27
28

James C. Mahan
U.S. District Judge

Indeed, plaintiff alleges that she was knocked down when defendant's employee ran into her, and does not allege that another hazard such as a spill contributed to her injuries. Therefore, evidence showing that defendant's employees falsified store inspection records will not aid the jury in determining the truth of plaintiff's account of the events at issue.

Accordingly, defendant's fifth motion *in limine* will be GRANTED.

### III. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's first, second, third, and fourth motions *in limine* be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's fifth motion *in limine* be, and the same hereby is, GRANTED.

DATED May 28, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -