# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE ROBERTS,<br><br>       Plaintiff(s),<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., et al.,<br><br>       Defendant(s). | 2:11-CV-1917 JCM (GWF) |

## ORDER

Presently before the court is an omnibus motion *in limine* filed by plaintiff Stephanie Roberts. (Doc. # 31). Defendant Smith's Food & Drug Centers, Inc. filed a response in opposition, (doc. # 41), and plaintiff filed a reply, (doc. # 43).

In resolving the instant motions, the court will only address the facts which are pertinent to the disposition of plaintiff's requests for evidentiary exclusions.

**I.     Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of

**James C. Mahan**
**U.S. District Judge**

discretion").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

## II. Analysis

### 1. The Supplemental Report of Dr. Richard M. Dix

Plaintiff requests that the court strike the supplemental report of defendant's expert, Dr. Richard M. Dix and limit his testimony to the opinions contained within his initial report. Plaintiff states that because Dr. Dix's initial report, produced on May 25, 2012, was only three pages in length and his supplemental report, which was produced on November 13, 2012, is twenty-four pages in length and contains a more opinions and analysis, it should be stricken as improper.

In response, defendant points out that plaintiff continued to receive treatment after Dr. Dix issued his initial report, and that plaintiff's medical expenses increased from $66,000 to over $400,000 after the initial report was filed. Defendant claims that the supplemental report primarily addressed records that did not exist or were not available to defendant at the time the initial report was issued.

Indeed, Federal Rule of Civil Procedure 26(e) requires experts to supplement their reports when new information that affects their opinions comes to light. However, even if the filing of this report had been untimely, the court notes that the supplemental report was produced nearly a full month before the close of discovery. Federal Rule of Civil Procedure 37(c)(1) states a party cannot use improperly disclosed evidence "unless the failure was substantially justified or harmless." In this case, the court finds that the timing of the report was substantially justified considering the ongoing nature of plaintiff's treatment, and that it was harmless because plaintiff has had nineteen months

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  since the disclosure of the supplemental report within which to prepare its response.

2  Accordingly, plaintiff's first motion *in limine* will be DENIED.

3      **2.**      **Arguments that the Subject Incident was Unavoidable**

4  Plaintiff broadly requests that the court preclude defendant from arguing that the accident was
5  "unavoidable." While it's clear that an instruction that the accident was unavoidable could be
6  misleading to a jury if there's no evidence to support such a theory, plaintiff's request is based on
7  pure speculation that there is no evidence on the record to indicate that the accident was unavoidable.
8  Because it is not yet clear if defendant will present evidence to support such a theory at trial, the
9  court will deny plaintiff's request at this time.

10 Therefore, plaintiff's second motion *in limine* will be DENIED.

11     **3.**      **Hypothetical Medical Questions**

12 Plaintiff requests that the court preclude defendant from making comments or posing
13 questions about hypothetical medical conditions out of a concern that these questions will have no
14 basis in the facts of this case. While the court will prevent both parties from asking misleading
15 questions at trial, plaintiff's request is overbroad, as it has long been held that hypothetical medical
16 questions are permitted so long as they do not "require the expert to assume facts that are not in
17 evidence." *Taylor v. Burlington N. R. Co.,* 787 F.2d 1309, 1318 (9th Cir. 1986).

18 Thus, plaintiff's third motion *in limine* will be DENIED.

19     **4.**      **Pre-Instruction Regarding the "Eggshell Plaintiff" Rule**

20 Plaintiff requests that the court instruct the jury regarding the "eggshell plaintiff" rule prior
21 to the introduction of evidence at trial. However, the court agrees with defendant that an instruction
22 prior to the introduction of relevant evidence would be highly prejudicial.

23 Thus, plaintiff's fourth motion *in limine* will be DENIED.

24     **5.**      **Evidence Regarding Plaintiff's Prior Injuries**

25 Plaintiff requests that the court exclude evidence of plaintiff's prior medical conditions
26 asserting that this information is not probative of any claims or defenses at issue in this case.
27 Defendant argues that plaintiff's pre-existing lower back and hip injuries contributed to her
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

susceptibility to falling.

If these pre-existing injuries have a tendency to make it more or less likely that defendant caused the injuries plaintiff complains of, then they are certainly relevant to the resolution of plaintiff's claims. *See* Fed. R. Evid. 401.

Therefore, plaintiff's fifth motion *in limine* will be DENIED.

**6.    Evidence of Plaintiff's Prior Work-Related Injuries and Traffic Accidents**

Plaintiff requests that the court exclude evidence regarding injuries she sustained as an employee for the Luxor and Wal Mart. Plaintiff also requests that the court exclude evidence that she has been involved in minor traffic accidents. Defendant does not oppose these requests. Thus, this evidence will be excluded unless other evidence comes to light that would make these facts relevant to the instant case.

Accordingly, plaintiff's sixth motion *in limine* will be GRANTED.

**7.    Preclude Witnesses from Commenting on the Credibility of Other Witnesses**

Plaintiff requests that the court preclude witnesses from commenting on the credibility of other witnesses who have testified in this case. This court routinely enforces rules regarding proper witness testimony during trial; plaintiff's request is speculative and premature.

Therefore, plaintiff's seventh motion *in limine* will be DENIED at this time. The parties may raise an objection if this issue arises at trial.

**8.    Arguments that Plaintiff is Malingering, Exaggerating Symptoms, or Pursuing Secondary Gain**

Plaintiff requests that the court preclude defendant from arguing that the plaintiff lacks credibility as to the severity of her symptoms or is exaggerating for personal gain. Defendant correctly points out that evidence indicating that plaintiff lacks credibility or is seeking a damage award that is unwarranted by her injuries could be highly probative and relevant to this matter.

Thus, plaintiff's eighth motion *in limine* will be DENIED.

**9.    Evidence Regarding Plaintiff's Use of Prescription Pain Medication**

Plaintiff requests that the court exclude evidence indicating that she improperly used pain

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  medication. Defendant points out that the degree to which plaintiff previously used pain medication
2  is relevant to determining to what degree plaintiff's injuries can be attributed to something other than
3  the incident at issue in this case.

4  Because plaintiff's use of pain medication prior to the incident is probative of an essential
5  element of the claims in this matter, plaintiff's ninth motion *in limine* will be DENIED.

### 10. Evidence Relating to Benefits from Collateral Sources

Plaintiff requests that the court exclude evidence regarding lien reductions offered by plaintiff's medical providers. The collateral source rule provides that "if an injured party received some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." *Proctor v. Castelletti*, 911 P.2d 853, 854 n.1 (Nev. 1996).

Defendant cites *Tri-County. Equip. & Leasing v. Klinke* for the assertion that medical provider discounts fall outside the purview of the collateral source rule. 286 P.3d 593 (Nev. 2012). While that decision, in dicta, alluded to the possibility that exclusions from the collateral source rule may exist, the Nevada Supreme Court indicated that medical discounts likely fall within the purview of this doctrine. *See id.* at 596 n.6.[1]

Therefore the court finds that evidence indicating that a medical provider has chosen to accept less than the total billing amount as payment for a plaintiff's treatment must be excluded under Nevada's collateral source rule, as this evidence would "greatly increase the likelihood that a jury will reduce plaintiff's damages because it knows [] plaintiff is already receiving compensation." *Proctor*, 911 P.2d at 854.

Therefore, plaintiff's tenth motion *in limine* will be GRANTED.

### 11. Improper Arguments

Plaintiff requests that the court preclude defendant's counsel from using "jury nullification

---

[1] "It is apparent that there are numerous reasons for medical provider discounts, including discounts that result when an injured party's insurance company has secured medical provider discounts as part of the health insurance plan. At least in those circumstances, such benefits may reside within the scope of the collateral source rule, although that is a legal issue we leave for a case that requires its determination."

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  tactics, golden rule arguments, and the interjection of personal opinions as to the justness of this
2  case." (Doc. # 31 p. 18). Because the court will enforce the rules of evidence at trial, this request is
3  both speculative and premature.

4  Accordingly, plaintiff's eleventh motion *in limine* will be DENIED at this time. The parties
5  may raise an objection if this issue arises at trial.

6  **12.    Limit Closing Arguments to Evidence on the Record**

7  Plaintiff requests that the court preclude the parties in this case from making statements
8  during closing arguments relating to evidence that has not been presented at trial and is not otherwise
9  on the record. Defendant does not oppose this request. Indeed, this is a fundamental principle of trial
10 practice.

11 Accordingly, plaintiff's twelfth motion *in limine* will be GRANTED.

12 **13.    Preclude References to Dr. Dix's Examinations as "Independent"**

13 Plaintiff requests that defendant be precluded from referring to the medical examinations
14 performed by its expert, Dr. Dix, as "independent." Defendant does not oppose this request.

15 Thus, plaintiff's thirteenth motion *in limine* will be GRANTED.

16 **14.    Insinuations that Plaintiff Sought Medical Treatment at the Direction of her**
17 **Attorneys**

18 Plaintiff requests that defendant be precluded from making any references insinuating that
19 plaintiff's treatment is "attorney driven," "litigation driven," or that the instant suit is a "'medical
20 buildup' case." (Doc. # 31 p. 20). Plaintiff provides no case law or evidentiary rule indicating that
21 such arguments are inappropriate. Therefore, the court will allow such arguments if they are
22 warranted by the evidence.

23 Accordingly, plaintiff's fourteenth motion *in limine* will be DENIED.

24 **15.    Damages**

25 Plaintiff requests that defendant be precluded from arguing that plaintiff is alleging a greater
26 amount in damages than she expects to receive. Plaintiff does not cite to any binding authority in
27 support of her request. Indeed, it is clear to the court that plaintiff's damages are a central issue in

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  this case. Therefore, defendant will be allowed to make arguments regarding the damages plaintiff
2  suffered in this matter as warranted by the evidence.
3  Thus, plaintiff's fifteenth motion *in limine* will be DENIED.

### 16. References to Plaintiff Retaining Counsel

Plaintiff requests that the court preclude defendant from inquiring as to when and why plaintiff retained counsel, arguing that such questions could violate her attorney-client privilege. Another court in this district has previously held that evidence regarding a party's choice to retain counsel can be admissible, and that "[t]he jury is the appropriate body to determine the importance of this evidence." *Badger v. Wal-Mart Stores, Inc.*, 2013 WL 3297084, at *7 (D. Nev. 2013). While the court will not require that plaintiff divulge the contents of any confidential communications, defendant will be permitted to inquire as to when and why plaintiff sought legal representation in this case if it can establish the relevance of this evidence at trial.

Accordingly, plaintiff's sixteenth motion *in limine* will be DENIED.

### 17. Expert Reports of Treating Physicians

This motion *in limine* is not actually a motion at all, and instead is merely an assertion by plaintiff that the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) do not pertain to treating physicians.

As there is no request for court action contained in plaintiff's seventeenth "motion" *in limine*, it will be DENIED.

### 18. References to Attorney Advertising and Location of Counsel

Plaintiff requests that the court exclude references to the fact that plaintiff's counsel's law firm advertises in the Las Vegas area. Defendant does not object to this request, but adds that the court should also exclude any reference to the fact that defendant's counsel is a "partner in a 'New Jersey law firm.'" (Doc. # 44 p. 26). Plaintiff does not object to this request by defendant.

Accordingly, plaintiff's eighteenth motion *in limine* will be GRANTED. Additionally, plaintiff shall not make any reference to the geographical location of defendant's counsel's firm.

**James C. Mahan**
**U.S. District Judge**

- 7 -

**19.    Preliminary Questions**

Plaintiff requests that the court hear all questions regarding the qualifications of a witness, the possibility of privilege, or the admissibility of evidence outside the presence of the jury. This request is premature, and the court will address any request to proceed outside the presence of the jury as appropriate at trial.

Thus, plaintiff's nineteenth motion *in limine* will be DENIED.

**20.    Voir Dire Questionnaire**

Plaintiff requests that the court distribute a written questionnaire for prospective jurors to fill out during the jury selection process. The court declines this request and will adhere to its normal procedure of orally addressing prospective jurors during voir dire.

Therefore, plaintiff's twentieth motion *in limine* will be DENIED.

**21.    Offers of Settlement**

Plaintiff requests that the court exclude references to settlement negotiations. Indeed, Federal Rule of Evidence 408 provides that the amounts of settlement offers as well as statements made during settlement negotiations are not admissible.

Accordingly, plaintiff's twenty-first motion *in limine* will be GRANTED.

**22.    Motions *in Limine***

Plaintiff requests that the court exclude references to the fact that plaintiff filed motions *in limine* and to the contents of these motions. Defendant does not oppose this request.

Accordingly, plaintiff's twenty-second motion *in limine* will be GRANTED.

**III.    Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's first, second, third, fourth, fifth, seventh, eighth, ninth, eleventh, fourteenth, fifteenth, sixteenth, seventeenth, nineteenth, and twentieth motions *in limine* be, and the same hereby are, DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's sixth, tenth, twelfth, thirteenth, eighteenth, twenty-first, and twenty-second motions *in limine* be, and the same hereby are, GRANTED.

DATED May 28, 2014.

_____
UNITED STATES DISTRICT JUDGE