**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHANIE ROBERTS, | 2:11-CV-1917 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiff's motion *in limine* to preclude the admission of causation opinions of Dr. Senegor. (Doc. #54). Defendant filed a response (doc. #60), and plaintiff filed a reply (doc. #61).

**I.      Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

. . .

**James C. Mahan**
**U.S. District Judge**

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

## II. Discussion

Plaintiff seeks an order precluding Moris Senegor, M.D. ("Dr. Senegor"), the doctor that performed surgery on plaintiff, from offering opinions regarding causation of plaintiff's injuries. Plaintiff contends that because Dr. Senegor did not treat plaintiff until after plaintiff sustained her injuries, that Dr. Senegor is unable to form opinions as to what caused the injuries.

Additionally, plaintiff argues that Dr. Senegor made statements indicating that he did not take the steps he felt were necessary to form an opinion as to how the injuries were caused.

Plaintiff also argues that Dr. Senegor's opinion is not based on sufficient data, as he has not looked at actual MRIs that were taken of plaintiff's injuries.

Plaintiff contends that these three concerns demonstrate there is not sufficient foundation for Dr. Senegor to give opinions regarding the cause of plaintiff's injuries.

In response, defendant cites several cases stating that a treating physician can testify on the issue of causation, as long as his opinions are formed as part of the ordinary care of the patient.

Fed. R. Evid. 702 governs the admissibility of expert testimony. The rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

**James C. Mahan**
**U.S. District Judge**

(d) the expert has reliably applied the principles and methods to the facts of the case.

As the doctor who performed surgery on plaintiff, Dr. Senegor satisfies all of these requirements. The deposition of Dr. Senegor shows that he arrived at his opinion on the cause of plaintiff's injuries after examining plaintiff, looking at medical records, and performing surgery on plaintiff. A jury would likely benefit from an explanation of what Dr. Senegor believes caused plaintiff's injuries as he is the doctor who decided that the surgery was necessary in the first place.

Plaintiff never contends that Dr. Senegor came to his conclusion through any improper medical principles or methods. Plaintiff appears to argue that Dr. Senegor has not applied principles reliably to the facts of the case because he did not look at all of the medical records that he would "want to look at" in order to make a more informed opinion about causation. While Dr. Senegor's statement may impact the weight of his opinion, the statement alone is not enough to show a deficient foundation.

The court finds that plaintiff has not demonstrated a lack of foundation for Dr. Senegor's opinions on causation. Plaintiff's contentions speak to the weight of the evidence and not to its relevance or admissibility. Additionally, plaintiff puts emphasis on her claim that Dr. Senegor himself has stated that he does not have the proper foundation to make observations about causation. The question of foundation is not determined by a witness' perception, it is a determination that is made by the court. Fed. R. Evid. 104(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion *in limine* (doc. # 54) be, and the same hereby, is DENIED.

DATED May 28, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -